STALEY and Others *v.* DORSET, Administrator.

An appeal to the Supreme Court will not lie from an order for the sale of real estate of a decedent for the payment of debts.

Where no appeal was prayed, and no bond given in the Court below, a cause cannot be properly appealed as from an interlocutory order, under the second specification of § 576, 2 R. S. p. 162.

APPEAL from the *Morgan* Court of Common Pleas.

WORDEN, J.—This was a petition filed by the appellee, as administrator of the estate of *Hiram Staley,* deceased, against the appellants, as heirs of the decedent, praying for an order for the sale of certain real estate for the payment of debts. The order for sale was made by the Court below, and from that order the defendants appeal.

The appeal to this Court seems to have been taken under the provisions of § 556, 2 R. S. p. 159, allowing appeals to be taken after the close of the term at which the judgment is rendered, as no appeal was prayed in the Court below, nor any bond filed.

The appeal, we think, was premature, as such appeal lies only from "all final judgments," and this is an appeal simply from the order directing the sale of the land.

The statute under which the proceedings were had, contemplates that the whole matter is under the control of the Court until the land is sold, a report of the sale made to the Court, and the sale confirmed, and perhaps until a deed is ordered to be made to the purchaser. Upon a report of the sale being made, the Court may confirm it or set it aside and order a re-sale. We are of opinion that the judgment appealed from was not final, within the meaning of the statute. This accords with the case of *Griffin* v. *Griffin,* 10 Ind. R. 170.

The case is not properly appealed as from an interlocutory order, provided for by the second specification of § 576, 2 R. S. p. 162, because not taken in accordance with the section next following—no appeal being prayed, and no bond given.

Nor is the case properly here under the provisions of

§§ 189, 190, 2 R. S. p. 291, providing for appeals "from any decision of the Court of Common Pleas, growing out of any matter connected with a decedent's estate," &c., because those provisions have not been complied with.

The appeal, in our judgment, cannot be sustained.

*Per Curiam.*—The appeal is dismissed with costs.

*D. M'Donald* and *A. G. Porter*, for the appellants.

*H. C. Newcomb* and *J. S. Tarkington*, for the appellee.