IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1869, IN THE FIFTY-THIRD YEAR
OF THE STATE.

---

### Simpson and Others *v.* Pearson, Administrator.

| | |
|---|---|
| 31 | 1 |
| 124 | 390 |
| 31 | 1 |
| 135 | 183 |
| 136 | 662 |
| 31 | 1 |
| 139 | 177 |
| 31 | 1 |
| 149 | 371 |
| 31 | 1 |
| 157 | 454 |
| 31 | 1 |
| 160 | 532 |

PRACTICE.—*Appeal from Interlocutory Order.*—In a suit by an administrator to subject real estate to sale for the payment of the debts of the decedent, an appeal to the Supreme Court from the interlocutory order of sale was taken, an appeal bond approved by the court being filed and the appeal prayed at the term at which the order was made.

*Held*, that the appeal was authorized by the code (section 576), and taken in accordance with its provisions (section 577).

HUSBAND AND WIFE.—*Conveyance.*—*Survivorship.*—Where real estate is conveyed in fee simple to a man and his wife, upon the death of the husband he leaves no estate in such land subject to the payment of his debts, or that descends to his heirs; but the widow becomes seized of the whole estate to her sole use by virtue of her right of survivorship.

SAME.—*Estoppel.*—Where at the suit of a widow against the children and heirs at law of her husband for partition of land conveyed to the husband and wife jointly, in accordance with the prayer of the petition a moiety was set off to the widow in her own right and the other moiety was divided between the widow and children as land descended to them from the husband;

*Held*, in a suit by the administrator of the husband's estate to subject to sale for the payment of the decedent's debts the land so set apart to said chil-

Vol. XXXI.—1

dren and heirs at law, that the widow and heirs were not estopped by the proceedings in the partition suit from denying that the husband died seized in fee of a moiety of the land, or from asserting the truth in relation to the title.

APPEAL from the Floyd Common Pleas.

This was a petition by Pearson, as administrator *de bonis non* of the estate of Reuben Simpson, deceased, praying an order for the sale of certain lands in Lawrence county, Indiana, for the payment of the debts of the decedent. The petition, after showing the insufficiency of the decedent's personal estate for the payment of his debts, alleges, that after the death of said Reuben Simpson, his widow, Martha C. Simpson, filed a petition in the Lawrence Circuit Court, against the children and heirs of the decedent, for the partition of certain lands situate in said county, claiming that she was seized in fee, in her own right, of one undivided half of the lands described in the petition, and that her husband died seized in fee of the other moiety, one-third of which descended to her as his widow, and the remaining two-thirds to his children, and that she was therefore entitled to two-thirds of the whole in fee; and that such proceedings were thereupon had that partition was made according to the prayer of the petition; and the administrator now claims that the lands so partitioned and set apart to the children and heirs at law of the decedent be sold for the payment of his debts.

Martha C. Simpson, the widow of the decedent, answered in two paragraphs:

The first alleges, that on and prior to the 29th of February, 1856, she and the decedent were husband and wife, and that on the day named, one Barnabas Miller and his wife made, executed, and delivered to her and her said husband jointly, a deed of conveyance in fee simple to the lands described in the petition, with other lands, and that her said husband never held any other title, claim, or interest in the lands so conveyed than under said deed; that he subsequently died leaving her as his widow surviv-

ing him; and she claims that all the right, interest, and estate of her said husband in said lands ceased and were determined by his death; and that she, as his widow and surviving grantee under said deed, at his death became, and still is, the sole and exclusive owner in fee of the whole of said lands, and that no interest therein, whatever, descended from said Reuben to his children and heirs at law; and that ever since the death of her said husband she has held the whole of the lands as and for her own. Miller's deed is made a part of the answer and runs thus: "In consideration of the sum of six thousand dollars to Barnabas Miller paid by Reuben Simpson and Martha C. Simpson, his wife, the said Barnabas Miller doth convey and warrant to said Reuben Simpson and Martha C. Simpson, their heirs and assigns, the following tracts of land," &c.

The other defendants filed a joint answer, in two paragraphs. The first is the general denial. The second is substantially the same as the first paragraph of the answer of Martha C., with the additional averment that if any interest or right in the lands has been divested out of the said Martha C., since the death of said Reuben, it has vested in them by virtue of the proceedings of the Lawrence Circuit Court in the suit for partition referred to in the petition herein, and not by descent from said Reuben.

The court sustained demurrers to the first paragraph of the answer of Martha C. Simpson and to the second paragraph of the answer of the other defendants, to which proper exceptions were taken; and on final hearing the court made an order for the sale of the lands described in the petition, to make assets for the payment of the debts of the decedent. From this order the defendants appealed, and filed an appeal bond which was approved by the court.

ELLIOTT, C. J.—Before examining the questions raised by the assignment of errors, our attention is called to a preliminary one, raised by the appellee. The appeal being from an interlocutory order, and not from a final judgment, it is

urged that it is prematurely brought, and should be dismissed.

Section 550 of the code authorizes appeals to this court from the circuit and common pleas courts from all final judgments, with certain exceptions; and section 576 provides, that "appeals to the Supreme Court may be taken from an interlocutory order of any court of common pleas, or circuit court, or judge thereof, in the following cases:

\*        \*        \*        \*        \*        \*

*Second.* For the delivery of possession of real property, *or the sale thereof.*" Section 577 enacts, that "such appeal may be taken at the term of the court at which the order is made; or when made in vacation, the appeal may be taken at the time, or during the next term; the appeal shall not be granted until the appellant has filed an appeal bond, as in other cases of appeal." Here the appeal was taken during the term at which the order was made, and a bond was filed under the order of the court; and we think the provisions of the code referred to clearly authorize the appeal. This ruling is not in conflict with *Staley* v. *Dorset,* 11 Ind. 367; *Love* v. *Mikals;* 12 Ind. 439; or *Berry* v. *Berry,* 22 Ind. 275; but is entirely consistent with them. In neither of those cases was a bond filed and the appeal prayed at the term at which the order of sale was made, and in each of them it is stated that the appeal was nòt prayed and perfected under sections 576, 577 of the code.

The ruling of the court in sustaining the demurrers to the first paragraph of the answer of Martha C. Simpson, and to the second paragraph of the answer of the other defendants, presents the only questions urged by the appellants for a reversal of the order of the court appealed from.

Husband and wife are considered one person in law, and hence the deed from Miller to Reuben Simpson and his wife, Martha C., did not invest them of separate moieties of the land conveyed, but each thereby became seized of it as an entirety, with the right of survivorship; and upon the death of Reuben Simpson, his widow, Martha C., by virtue

of her right of survivorship, became seized of the whole estate to her sole use. *Davis* v. *Clark*, 26 Ind. 424. It follows that Reuben Simpson at his death left no estate in the land subject to the payment of his debts, or that descended to his heirs. That such is the legal effect of the deed is not controverted by the appellee; but it is insisted that the appellants are concluded, or estopped, by the proceedings in the suit for partition in the Lawrence Circuit Court, from denying that Reuben Simpson died seized in fee of a moiety of the lands which were the subject of that suit, and that such moiety, upon his death, descended to his widow and heirs at law; and therefore, that the court did right in sustaining the demurrers.

The acts and admissions of a party may estop him from even speaking the truth, when in good conscience and honest dealing he ought not to be permitted to gainsay them. An estoppel may be by deed, by record, or by matter *in pais*. As to the latter, a party will be concluded from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, when such denial will operate to the injury of the latter. See *Ridgway* v. *Morrison*, 28 Ind. 201, and cases there cited. The principle underlying such estopples is, that it would be a fraud in a party to assert what his previous conduct and admissions have denied, when on the faith of that denial others have acted.

But one who insists upon the acts of another as working an estoppel must show that he acted upon the same, and was influenced thereby to do some act which would result in an injury if that other is permitted to gainsay or deny the truth of what he did. For it is a well settled rule in such cases, that no man can set up another's act or declaration as the ground of an estoppel, unless he has himself been misled or deceived by such act or declaration. Washb. Real Prop. b. 3, ch. 2, § 6, 9, *a.*

It follows from the very principle on which the whole

doctrine of estoppels rests, that they operate neither in favor of nor against strangers, but affect only the parties thereto and their privies, either in blood, in estate, or in law; and hence a stranger can neither take advantage of, nor be bound by, an estoppel. This principle applies equally to estopples by deed, by record, and *in pais*. It is a well settled rule, that judgments of courts are binding only on parties thereto and their privies. An estoppel must be mutual; and hence a stranger to the record cannot claim an estoppel thereby, as he is not himself estopped by it.

Mr. *Washburn,* speaking of estoppels by deed, says: "It should be remembered, that an estoppel by deed is always applied in some action or proceeding based on the deed, in which the fact in question is recited. In a collateral action there can be no estoppel, nor will estoppels by deed avail in favor of any but the parties and their privies." B. 3, ch. 2, § 6, 11.

Applying these rules to the case at bar, it seems evident that neither Martha C. Simpson nor the heirs at law are estopped by the proceedings in the partition suit from denying, in this case, that Reuben Simpson died seized in fee of a moiety of the land described in the petition for partition, or from asserting the truth in reference to the title thereto. The administrator stands in the relation of trustee to the creditors of the decedent; but neither the administrator nor the creditors of the decedent were parties to the suit for partition, nor do they, in any manner, occupy the relation of privies to the parties to that suit, and are not therefore in a position to claim that the parties thereto are estopped thereby from showing that the decedent left no interest or estate in the lands subject to the payment of his debts.

We think, therefore, that the court below erred in sustaining the demurrers.

The judgment is reversed, with costs, and the cause remanded, with directions to the Court of Common Pleas to

overrule the demurrers to the first paragraph of the answer of Martha C. Simpson and to the second paragraph of the answer of the other defendants, and for further proceedings, not inconsistent with this opinion.

*J. & T. L. Collins,* for appellants.

*J. H. Stotsenburg* and *T. M. Brown,* for appellee.