BENNITZ, (UNITED STATES v.) See Case No. 1,327.

## Case No. 1,328.

### In re BENSON.

[8 Biss. 116;[3] 16 N. B. R. 377.]

District Court, D. Indiana. Nov. Term, 1877.

BANKRUPTCY—ESTATE IN ENTIRETY—DIVORCE.

1. Real estate was conveyed to A. and B., husband and wife, to be held in entirety. A.

[1] [Reported by Hon. Ogden Hoffman, District Judge, and here reprinted by permission.]

[2] [Reversed by supreme court in U. S. v. Bennitz, 23 How. (64 U. S.) 255.]

[3] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

subsequently went into bankruptcy, and between the date of the adjudication and his discharge B. obtained a divorce. The assignee in bankruptcy of A. claimed one-half interest in the land as the property of A.

[Cited in Re McKenna, 9 Fed. 29.]

2. *Held*, that in Indiana the common law rule as to tenants by entirety has not been changed, except that the husband, under the statutes of that state, does not acquire any legal interest or estate in the lands of the wife.

3. *Held*, that when the adjudication in bankruptcy was made, A. had no interest in the real estate which passed to his assignee, and that if he gained an alienable interest by the divorce, it was a new acquisition subsequent to the adjudication, which cannot be claimed by the assignee.

4. Effect of divorce discussed, but not decided.

[In bankruptcy. Petition by the assignee in bankruptcy of James Benson for an order to sell certain real estate of the bankrupt. Dismissed.]

De Bruler & Hatfield, for bankrupt.
James M. Warren, for assignee.

GRESHAM, District Judge. In this case the assignee presents his petition for an order to sell the interest of the bankrupt in certain real estate. On behalf of the bankrupt this application is resisted.

The facts are not matter of dispute, and are substantially as follows: The real estate in question is situated in this district. The adjudication of bankruptcy was made March 29, 1877. The estate is largely indebted, and there are no assets unless this real estate is assets. March 4, 1870, one Kirkpatrick conveyed to the bankrupt and his wife, Margaret, the land in question, to be held in entirety. In August, 1877, the Perry circuit court decreed a divorce to Margaret Benson. No discharge had been granted to the bankrupt. Counsel for the assignee insist that at the date of the adjudication the bankrupt had an interest in said real estate, which was subject to levy and sale upon execution; that this interest passed to the assignee by virtue of the deed of assignment, and that the decree of divorce made Benson and his wife tenants in common, the effect of destroying the marital relation being to sever the estate in entirety.

On the other hand, it is urged by the counsel for the bankrupt that at the time of the adjudication the husband had no such interest in the land as could have been seized and sold upon execution against him; that consequently no estate in it passed to the assignee; and that, if by a subsequent divorce any new or different holding was created by reason of the changed relation of the tenants, that was the creation of an interest after the bankruptcy, and so vests in the bankrupt unaffected by his deed of assignment.

The statute of Indiana on the subject reads as follows, (1 Gavin & H. St. p. 259, §§ 7, 8:)

"Section 7. All conveyances and devises of lands, or of any interest therein, made to two or more persons, except as provided in the next following section, shall be construed to create estates in common, and not' in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear from the tenor of the instrument that it was intended to create an estate in joint tenancy."

"Sec. 8. The preceding section shall not apply to mortgages nor to conveyances in trust, nor when made to husband and wife; and every estate vested in executors or trustees as such shall be held by them in joint tenancy."

In Davis v. Clark, 26 Ind. 428, the supreme court of Indiana, considering these sections of the statute, uses this language: "At common law, if an estate is granted, as in this case, to a man and his wife, they are neither properly joint tenants nor tenants in common; for husband and wife being considered one person in law, they cannot take the estate by moieties; both are seized of the entirety per tout, and not per my. Neither can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor."

The court, in the same case, decided that the statute has not changed this common law rule, but has expressly recognized it; that the husband does not under the statutes of that state acquire any legal interest or estate in the lands of the wife, but the same, and the profits thereof, remain her separate property; and that when land is conveyed to husband and wife, the former has not such an estate in the lands as is subject to sale upon execution. The right of survivorship does not constitute a contingent or vested remainder, but is a mere accident of the estate.

To the same effect is the case of Arnold v. Arnold, 30 Ind. 305. The rule is there settled on a proceeding in partition between the heirs of the deceased husband and the surviving wife that the whole estate remains to the survivor, which is declared to have been the law in this state from the statutes of January 2, 1818. In the same direction is Simpson v. Pearson, 31 Ind. 1.

There are some other cases in Indiana, and these cases and others in the different states are examined in an elaborate opinion of the supreme court in Chandler v. Cheney, 37 Ind. 391.

The subject is exhaustively discussed, and this conclusion is reached, as is well stated in the head notes: "The same difference which existed at common law between joint tenants and tenants by entireties continues under our statute. In both the title and estate are joint, and both have the quality of survivorship; but the marked difference between the two is this: In a joint tenancy, either tenant may convey his share to a co-tenant or to a stranger, who thereby becomes a tenant in common with the other co-tenant; while neither by the entirety can

convey his or her interest so as to affect their joint use of the property during their joint lives, or to defeat the right of survivorship upon the death of either of the co-tenants. There may also be partitions between joint tenants, but not between tenants by entireties.

"While such an estate exists no interest in it can be sold upon execution for the debts of the husband or wife, but the conveyance creating it may be set aside for fraud."

In this opinion the case of Ames v. Norman, 4 Sneed, 683, is noticed and the ruling therein, that "during their joint lives the husband may dispose of the estate. He may lease or mortgage it, or it may be seized and sold upon execution for his debts," is strongly condemned as being a departure from the settled law and also from the principles which the case itself states in all their strength.

And finally in Jones v. Chandler, 40 Ind. 588, the same court adheres to its former opinions and holds that the following clauses in a will: "To my son Algernon R. Jones, his wife and his heirs, seven-thirtieths of all my estate" created an estate by entirety in Jones and his wife, and he could not alienate it nor could it be sold on execution against him to her prejudice.

These decisions settle the question as a rule of property in Indiana.

When the adjudication in bankruptcy was made Benson had no interest in this property which he could alienate. Under the deed of assignment the assignee took no interest whatever, whether present or contingent.

The question of divorce remains to be considered. This separation was decreed some months after the adjudication; and although the statement of facts is by no means full, it is to be inferred that as the divorce was in favor of the wife, it was by reason of the fault of the husband. The question, what is the effect of the divorce under such circumstances, is one of great difficulty.

The statute on the subject provides that "a divorce granted for misconduct of the husband shall entitle the wife to the same rights so far as her real estate is concerned, that she would have been entitled to by his death." 2 Rev. St. Ind. 1876, p. 330, c. 4, § 18. But here at once arises the question, what is her real estate? In those instances where her title to real estate is affected by the marriage; the application of this statutory rule presents no serious difficulty. In the estate by entirety, however, the supreme court has so defined it as to leave no interest in either husband or wife that one can enjoy separate from the other. Indeed, says the court, "there is no separate interest." Chandler v. Cheney, 37 Ind. 397. Considered apart from this provision of the statute, and regarding this estate in the light of the decisions above

referred to, it becomes exceedingly difficult to determine the effect of the divorce upon it. The tenants whose joint use and whose joint title, extending through the entire interest conveyed, constitute the distinctive characteristics of the tenancy quoad hoc, may be left as the decree of the divorce found them. Again, it may be said that such a title, created in view of the marriage relation, founded upon it, and determinable when that relation ends by the death of one of the grantees, is determined by a divorce as absolutely as by death.

But death leaves a survivor. Divorce leaves the two, each having under the original conveyance an equal right. The marriage relation, the very ground of a tenancy by entirety, is gone. Does the whole estate thereupon vest in the innocent party? Is the joint holding turned into a tenancy in common? Or does the law leave the divorced husband and wife to quarrel over an interest in land which the law is incapable of giving exclusively to one or dividing between both? Public policy would seem to require that no such anomaly should exist; and that persons who are found by the law to be unfit to live together should have a legal method of settling the controversy which an estate of this nature must, under such circumstances, be sure to kindle.

In this state these questions are not settled. Their settlement belongs more properly to the state court than to this tribunal, nor do we think it necessary to consider the matter here and in this case. It is enough to know what definition of the estate has been given by the supreme court, and that definition makes it a joint estate, not in any manner separable by the act of either joint tenant, which cannot be mortgaged or alienated otherwise than by the joint act of both, and which cannot be seized or sold upon judicial process by the creditors of either. The supreme court declares in express terms that there is no separate interest. Now, if the effect of the divorce is, by a dissolution of the marriage, to destroy the unity of possession, and to turn what was a holding per tout by husband and wife, into a tenancy in common, it is simply by operation of law the creation of a new interest in the bankrupt, and is to all intents and purposes a new acquisition, subsequent to adjudication, which cannot be claimed by the assignee.

If, on the other hand, the decree of a divorce in favor of the wife for the fault of the husband, vests the whole title absolutely in her as if he were dead, still less has this court anything to do with it.

The petition of the assignee is dismissed.

---

BENSON, (OSBORNE v.) See Case No. 10,-596.

BENSON, (SCHOTT v.) See Case No. 12,-479.