ROST *v.* INTERNATIONAL ELECTRIC COMPANY.*

[No. 24,760.   Filed March 12, 1925.]

*This opinion was not available to the Reporter's office before this time.

*Thomas H. Fittz*, for appellant.

*E. C. Miller, Ralph B. Gregg* and *John W. Kern*, for appellees.

PER CURIAM.—On June 29, 1923, the receiver of the International Electric Company filed a current report, setting forth his receipts and expenditures to that date, which was approved; and he then filed a petition for instructions as to the conduct of the trust, in which he asked the court to authorize certain settlements to be made, and to "fix further and final allowances for this receiver and his attorney . . . for their services in full . . . and that said receiver be authorized to pay said allowances at this time, and be also authorized to pay a dividend to the creditors." The court thereupon, without notice to anybody, made an order fixing the allow-

ances of the receiver and of his attorney "in full for services," authorizing certain settlements to be made and directing the payment of a dividend to creditors, as prayed by the petition, and concluding with the statement "and this cause is continued." Four months later, appellant Rost filed a verified motion to set aside "so much of said order as makes final allowance to the receiver . . . and his attorney" in amounts as stated respectively, setting out certain alleged reasons for asking such action. Nothing more appears to have been done in the matter for more than seven months, when the court, on June 4, 1924, overruled the motion, to which ruling appellant excepted, and was granted 10 days in which to file an appeal bond. The bond was filed on June 10, and on the 60th day thereafter, being 70 days after the motion was overruled, and almost 14 months after the allowances were made, appellant filed his transcript and assignment of errors in the Supreme Court. Appellees have filed a verified answer to such assignment, alleging that the receivership is still pending in the trial court; that, at the time appellant's motion to set aside the orders of allowance was overruled, the judge of that court orally advised appellant's attorney that when the receiver should file his final report showing the payment of the money so allowed to himself and his attorney, exceptions to that report might be taken, on which the matter would be set down for trial, and evidence could then be introduced covering the whole question of the right of the receiver and his attorney to receive such allowances, and the validity of appellant's exceptions thereto; that, on August 4, 1924, before this appeal was perfected, said receiver filed his final report, and, on September 10, appellant filed exceptions to it by which he challenged the allowances to the receiver and his attorney, which exceptions are now pending in the probate court, awaiting trial; and that the same questions are

thereby presented to the probate court for decision which are sought to be presented by this appeal. Appellant has filed a demurrer for want of facts sufficient to bar the appeal to this plea.

It has been decided many times that allowances made *ex parte* by the court to its officers in charge of a trust while it is in process of being administered, and without notice to the parties in interest, are only interlocutory, and are subject to be reviewed and set aside on exceptions to the final report of such officers. *Collins, Gdn.,* v. *Tilton, Exr.* (1877), 58 Ind. 374, 377, 378; *Fraim, Exr.,* v. *Millison* (1877), 59 Ind. 123, 129, 130; *Parsons, Admr.,* v. *Parsons, Admr.* (1879), 67 Ind. 489, 499; *Candy, Admr.,* v. *Hanmore* (1881), 76 Ind. 125, 128; *Goodwin* v. *Goodwin, Exr.* (1874), 48 Ind. 584, 589; *Pfeiffer* v. *Crane, Gdn.* (1883), 89 Ind. 485, 489; *Hord, Trustee,* v. *Bradbury* (1901), 156 Ind. 30, 32, 59 N. E. 31; *Shuey* v. *Lambert, Exr.* (1913), 53 Ind. App. 567, 571, 102 N. E. 150.

Assuming, without deciding, that the orders of allowance in question were orders for the payment of money from which an appeal would lie, as suggested by the case of *Bossert* v. *Geis, Rec.* (1914), 57 Ind. App. 384, 389, 107 N. E. 95, such an appeal could only be taken by filing the transcript and assignment of errors, as well as the appeal bond, within 30 days from the date of the order appealed from. §1392a Burns' Supp. 1921, §2, ch. 251, Acts 1921 p. 741.

The facts alleged in the answer to appellant's assignment of errors, if true, taken in connection with the facts shown by the record, are sufficient to bar this appeal, and appellant's demurrer to the answer in bar of his assignment of errors is overruled.