CAMPBELL ET AL. *v*. UNION TRUST COMPANY
OF INDIANAPOLIS, EXECUTOR, ET AL.

[No. 28,561. Filed November 23, 1949.]

Emmert, J., dissents.

*Albert Ward* and *Palmer K. Ward,* both of Indianapolis, for appellants.

*Walter Vermillion,* of Anderson; and *Merlin M. Dunbar,* and *Lucien L. Dunbar,* both of Indianapolis, for appellees.

GILKISON, C. J.—Marie Lilly Campbell died testate February 25, 1948. Her will was probated on March 1, 1948. The appellants are her surviving children and her sole and only heirs at law. George Lilly and David Walker are twins, 10 years old and Carolyn Ann is 8 years old.

Testatrix left a personal estate of approximately $318,189.89 and real estate of the approximate value of $63,800, a total value of $383,989.89.

On October 15, 1945, the testatrix executed an indenture of trust with the appellee, Union Trust Company, as trustee, and in favor of appellants, her children, consisting wholly of personal property, and which at the time of her death was of the value of $851,287.06.

By Item 1 of her will testatrix provided for the payment of all her just debts, expenses of last illness and burial, expenses of administration, all death duties or inheritance taxes, state or federal that may be assessed against her estate or against the beneficiaries under her will, out of her general estate. By item 2 testatrix gave her real estate, sought to be sold in the petition herein, to her three children, conditionally. The conditions being that they use the same as their home until they each became 21 years of age, at which time their interest therein should become vested, upon the condition

there should be no action for partition or sale of the interest of any child, so long as any one of them remained under 21 years of age. She then provided for caretakers for the children in the home; for the forfeiture of the interest of any child who refused to abide by the conditions of the will, to the other two children; for the passing of the interest of any child who might die before reaching the age of 21 years, to the living children or child; for the passing of the real estate to The Board of Foreign Missions of the Presbyterian Church of the U. S. A. located in New York City, in case all of the children should decline the devise with its conditions, or in case all should breach one or more of the conditions, or in case all should predecease testatrix.

By Item 5 testatrix directed that all her unpaid pledges to charitable, religious, benevolent or educational institutions be paid out of her general estate.

By Item 9 testatrix directed the payment of the residue of her estate after the payment of debts, expenses of last sickness and burial, state and federal estate taxes, and all bequests, to the trust theretofore created by her.

The petition to sell and the special finding of facts conclusively shows the federal estate tax on the entire estate including the trust property is _____$325,527.83
The estimated state inheritance tax is_____  41,000.00
Unpaid Claims, debts and charges allowed
    are _____  4,098.00
Estimated costs of administration are_____  50,000.00
Accrued debts amounted to _____  8,000.00
Burial expenses are _____  2,239.00

    A total of _____$430,864.83
exclusive of specific bequests.

Since the total general estate including the appraised value of the real estate is _____$382,989.89

It is not sufficient to pay the lawful charges against the estate by at least_____$ 47,874.94

In other words her estate is completely exhausted in paying the federal and state inheritance taxes, costs of administration and other estate obligations, and the trust fund must be used to pay the deficit in a sum of $47,874.94 or more.

With this situation confronting it the appellee, Union Trust Company, as executor of the will of decedent, filed its petition to sell the real estate to make assets for the payment of the estate's liabilities, under §§ 6-1111, 6-1113 et seq., Burns' 1933.

In response to appellee's, Union Trust Company of Indianapolis, written request the trial court appointed a guardian ad litem for the infant defendants, who conducted the trial for said infants in the trial court, and has appealed for them from the judgment rendered. In the trial court an answer in three paragraphs was filed by appellants. The first is in the nature of a general denial, the second is the general denial and demands strict proof. The third denies certain rhetorical paragraphs of the complaint and affirmatively avers that it was the desire of testatrix as expressed in her will that her real estate, described in the petition to sell, should continue to be the domicile of the children until they reached the full legal majority, and therefore the executor is without authority to sell the real estate to make assets for the payment of liabilities of the estate.

Appellee filed an inventory and appraisement of the

real estate agreeable with § 6-1120, Burns' 1933, showing its appraised value to be $62,500.

The cause was put at issue by all the defendants. It was tried by the court. At appellants' request the court made a special finding of facts and conclusions of law thereon.

On April 19, 1949, the order was made directing the executor to sell the real estate, providing for the method of sale, etc., all agreeable with the statute. A motion for new trial filed by appellants was overruled on April 29, 1949, and this appeal was taken. A bill of exceptions containing the evidence, etc., was signed, sealed and made part of the record on May 7, 1949. The transcript was filed in this court on June 8, 1949.

We are immediately confronted with the question whether the appeal has been taken within the time provided by law. An order for the sale of real estate to make assets for the payment of liabilities of an estate, is an interlocutory order. 2 *Watson's Works Practice*, § 2244, p. 818; *Simpson et al.* v. *Pearson, Admr.* (1869), 31 Ind. 1, 4; *Fleenor et al.* v. *Driskill et al.* (1884), 97 Ind. 27, 34; *Brier* v. *Childers, Admr.* (1925), 196 Ind. 520, 523, 148 N. E. 474.

It is provided by statute that an appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court or any judge thereof. "For the delivery of the possession of real property or the sale thereof." Section 2-3218, Burns' 1946 Replacement. This statute has been consistently held to govern appeals from orders for the sale of real estate to pay the liabilities of a decedent's estate. *Brier* v. *Childers* (1925), 196 Ind. 520, 523, 148 N. E. 474, *supra.* Further implementing the procedure in such appeals the statute provides that "such appeal may be taken only within thirty (30) days from

the date of the interlocutory order appealed from," and that appellant "shall file his transcript and assignment of errors, all within said period of thirty (30) days." Section 2-3219, Burns' 1946 Replacement.

Since the enactment of this statute this court has held that appeals from interlocutory orders can only be taken by filing the transcript and assignment of errors within thirty days from the date of the order appealed from. *Rost* v. *International Electric Co.* (1925), 201 Ind. 568, 571, 146 N. E. 821.

Appellants contend that in passing upon the petition to sell real estate to pay the estate's obligations, the trial court was required to construe Item 2 of the will heretofore noted, and therefore the action is an action to construe the will. We are unable to follow appellants in this contention. The executor is without interest in the real estate belonging to testatrix at the time of her death. Such real estate descended directly to the beneficiaries under her will, subject, of course, to the right and duty of the executor to sell the same, upon proper order of the court, to make assets with which to pay the liabilities of the estate, when the personal estate is insufficient for that purpose. *Hayes* v. *Shirk* (1906), 167 Ind. 569, 580, 78 N. E. 653; *Hochstedler et al.* v. *Hochstedler et al* (1886), 108 Ind. 506, 512, 9 N. E. 467; *Cole, Admr.* v. *Lafontaine et al.* (1882), 84 Ind. 446, 449; *Taylor, Admr.* v. *Fickas* (1878), 64 Ind. 167, 171; *Ohlfest* v. *Rosenberg et al.* (Ind. App. 1947), 71 N. E. 2d 614, 616.

Undoubtedly the testatrix when making her will did not anticipate the huge federal inheritance tax that would have to be paid. The entire will indicates that she believed her personal estate would be not only ample to pay all specific bequests, debts, costs of administration, and inheritance taxes, federal

and state, without the sale of the real estate described, but she believed there would be a substantial residue. This by Item 9 she willed to the *inter vivos* trust in favor of her children. The failure of the testatrix to anticipate these huge tax charges, and not uncertainties in the will, makes it impossible to carry out all the provisions of the will, and makes it a duty of the executor, without delay to file its petition for the sale of the real estate. Section 6-1111, Burns' 1933, *supra*. The action is an interlocutory proceeding, and the order from which the appeal is attempted is an interlocutory order. An appeal from it is governed by Section 2-3219, Burns' 1946 Replacement, *supra*. Since the order of sale was made April 19, 1949, and the transcript and assignment of error were filed with the clerk of this court fifty days thereafter on June 8, 1949, it came too late and the appeal must be dismissed.

It is, therefore, ordered and adjudged that the appeal be and the same is hereby dismissed.

Emmert, J., dissenting.

NOTE.—Reported in 88 N. E. 2d 560.