HANSBROUGH *v.* STATE OF INDIANA.

[No. 28,824. Filed January 28, 1952. Rehearing
denied February 26, 1952.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

GILKISON, C. J.—Appellant with three others was charged by indictment in two counts in the Johnson Circuit Court with murder in the first degree in the commission of a robbery, and murder in the first degree. One of the defendants entered a plea of guilty to the first count in the Johnson Circuit Court and was sentenced to prison for life. Upon a proper motion the venue of the cause was afterwards changed to the Bartholomew Circuit Court as to the three remaining defendants. Upon trial by jury in that court the remaining defendants were found guilty and given a life sentence in the State Prison on November 14, 1949. From this judgment appellant, Hansbrough, appealed, and the judgment was affirmed by this court on October 31, 1950. See *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N. E. 2d 534.

This is a proceeding in coram nobis in said matter, filed in the trial court by appellant, Hansbrough, on April 30, 1951.

A demurrer to the verified petition, filed by the State, was sustained by the court on June 30, 1951. On July 10, 1951 appellant, by his attorney, filed his written refusal to plead further in the matter and a demand that judgment be rendered thereon against him. On that date, July 10, 1951, the court rendered its judgment that the defendant take nothing on his petition for writ of error coram nobis. From this judgment an appeal is attempted to be taken to this court.

In Indiana an appeal from an adverse judgment in a proceeding for writ of error coram nobis must now be taken agreeable with our Rule 2-40 adopted on May

29, 1945. It was made effective as of the same date. Among other things that rule provides:

".... The transcript of so much of the record as is necessary to present all questions raised by appellant's propositions shall be filed with the Clerk of the Supreme Court within thirty (30) days after the date of the order...."

The first question presented to us by the record is: Do we have jurisdiction of this appeal, since the transcript and assignment of errors were filed with the clerk of the Supreme Court thirty-two days after the rendition of the final judgment in the case?

There seem to be no exceptions to the rule that an appellate court "cannot pass on the merits of a case falling within its appellate jurisdiction unless its jurisdiction is invoked in the manner prescribed by the statute." 4 C. J. S. Appeal and Error §39, p. 116, §461, p. 936.

Since Rule 2-40 authorizing an appeal from a final order made in a coram nobis proceeding requires that the transcript shall be filed with the Clerk of the Supreme Court within thirty days from the date of the order, a transcript filed with the clerk thirty-two days after the date of the order is too late. A transcript so filed does not invoke the jurisdiction of the court. An opinion without jurisdiction would be void. The only jurisdiction we have in the matter is jurisdiction to dismiss the appeal. 4 C. J. S. Appeal and Error, §39, p. 116, *supra*. This is agreeable with the Indiana cases in analagous appeals. See *Campbell et al.* v. *Union Trust Company et al.* (1949), 227 Ind. 692, 88 N. E. 2d 560; *Rost* v. *International Electric Co.* (1925), 201 Ind. 568, 571, 146 N. E. 821; *Ballman et al.* v. *Duffecy et al.* (1952), 230 Ind. 220, 102 N. E. 2d 646.

Since the defect is jurisdictional, the failure of the state to raise the question of dismissal cannot constitute a waiver, an agreement or an estoppel. 4 C. J. S. Appeal and Error, §92, p. 182.

For the reasons given the appeal is dismissed.

NOTE.—Reported in 103 N. E. 2d 203.