RAMER, BY NEXT FRIEND, ETC., ET AL. *v.* STATE OF INDIANA.

[No. 29,028. Filed June 29, 1953.
Rehearing denied August 4, 1953.]

*Charles Davis,* of Mishawaka, for appellant.

*Edwin K. Steers,* Attorney General and *Carl Humble,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from an order denying a petition for writ of error *coram nobis* which attacked the validity of a judgment of the Elkhart Circuit Court sitting as a Juvenile Court. On March 10, 1952, said trial court, after making a finding that he was a delinquent child, entered a judgment that Frederick Ramer be committed to the custody of the Board of Managers of the Indiana Boys School until he attained the age of 21 years.

On July 8, 1952, the appellant, by his next friend, in the same cause filed what was designated by counsel as an amended petition to vacate the judgment. We construe this as a petition for writ of error *coram nobis. Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. Rep. 29; *Sharp* v. *State* (1939), 215 Ind. 505, 19 N. E. 2d 942; *State ex rel. McManamon* v. *Blackford Circuit Court* (1950), 229 Ind. 3, 95 N. E. 2d 556; *State* v. *LaMarr* (1952), 231 Ind. 500, 109 N. E. 2d 457.

On the same 8th day of July, the transcript discloses that the court held a hearing on said petition, received evidence and made a finding and order that the petition be denied.

An appeal was taken to the Appellate Court, which court transferred the appeal to this court under Rules

2-40 and 2-41. This action by the Appellate Court was correct under these rules, but for purposes of assuming jurisdiction on appeal we consider the appeal as having been taken to this court.

The record of the appeal shows the transcript and assignment of errors was received by our Clerk October 1, 1952. Rule 2-40, before its amendment (effective December 20, 1952), required that such appeals be filed with the Clerk of the Supreme Court within thirty days after the date of the order. No extension of time was requested or granted.

We have many times held that failure to perfect an appeal within the time limited fails to give this court jurisdiction of the appeal. In *Hansbrough* v. *State* (1952), 230 Ind. 397, 399, 400, 103 N. E. 2d 203, the appellant failed to perfect his appeal from an order denying a petition for writ of error *coram nobis* within the time limited by Rule 2-40. This court, in an opinion by Gilkison, C. J., said:

"Since Rule 2-40 authorizing an appeal from a final order made in a coram nobis proceeding requires that the transcript shall be filed with the Clerk of the Supreme Court within thirty days from the date of the order, a transcript filed with the clerk thirty-two days after the date of the order is too late. A transcript so filed does not invoke the jurisdiction of the court. An opinion without jurisdiction would be void. The only jurisdiction we have in the matter is jurisdiction to dismiss the appeal. 4 C. J. S. Appeal and Error, §39, p. 116, *supra*. This is agreeable with the Indiana cases in analagous appeals. See *Campbell et al.* v. *Union Trust Company et al.* (1949), 227 Ind. 692, 88 N. E. 2d 560; *Rost* v. *International Electric Co.* (1925), 201 Ind. 568, 571, 146 N. E. 821; *Ballman et al.* v. *Duffecy et al.* (1952), 230 Ind. 220, 102 N. E. 2d 646. Since the defect is jurisdictional, the failure of the state to raise the question of dismissal can-

not constitute a waiver, an agreement or an estoppel. 4 C. J. S. Appeal and Error, §92, p. 182."

It is unnecessary to decide appellant's contention he did not receive within the time required by our rules a copy of appellee's answer brief. It is our duty to notice our own want of jurisdiction.

The appeal is dismissed.

NOTE.—Reported in 113 N. E. 2d 158.