KIRADLO ALIAS ETC., EXECUTRIX OF ESTATE OF JARKA, ETC. *v.* PISULA, ADMINISTRATOR, DE BONIS NON, ETC.

[No. 29,040. Filed December 8, 1953.]

*John C. Mullen,* of Chicago, Illinois, *James P. Gleason,* of Michigan City, and *Smiley N. Chambers,* of Indianapolis, for appellant.

*John W. Niemiec,* of South Bend, for appellee.

EMMERT, J.—The Appellate Court correctly transferred this appeal under §4-217, Burns' 1946 Replacement. Appellant contests an interlocutory order for the sale of real estate of Prasida Retseck, deceased, and under §2-3218, Burns' 1946 Replacement, the appeal must be taken to this court.

On August 19, 1949, appellee administrator *de bonis*

*non cum testamento annexo,* filed his petition in the lower court for an order of court to sell real estate of his decedent to make assets for the payment of debts and to discharge legacies given by decedent's will. On July 10, 1951, the court entered a finding for the personal representative on his petition, and ordered the real estate sold. July 20, 1951, appellant filed a motion for new trial, which was overruled on June 11, 1952. The transcript and assignment of errors were filed with the clerk of our court on September 5, 1952.

The disposition of this appeal is governed by the decision in *Campbell* v. *Union Trust Co.* (1949), 227 Ind. 692, 697, 698, 88 N. E. 2d 560, wherein this court stated:

"An order for the sale of real estate to make assets for the payment of liabilities of an estate is an interlocutory order. 2. *Watson's Works Practice,* §2244, p. 818; *Simpson et al.* v. *Pearson, Admr.* (1869), 31 Ind. 1, 4; *Fleenor et al.* v. *Driskill et al.* (1884), 97 Ind. 27, 34; *Brier* v. *Childers, Admr.* (1925), 196 Ind. 520, 523, 148 N E. 474.

"It is provided by statute that an appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court or any judge thereof. 'For the delivery of the possession of real property or the sale thereof.' Section 2-3218, Burns' 1946 Replacement. This statute has been consistently held to govern appeals from orders for the sale of real estate to pay the liabilities of a decedent's estate. *Brier* v. *Childers* (1925), 196 Ind. 520, 523, 148 N. E. 474, *supra.* Further implementing the procedure in such appeals the statute provides that 'such appeal may be taken only within thirty (30) days from the date of the interlocutory order appealed from,' and that appellant 'shall file his transcript and assignment of errors, all within said period of thirty (30) days.' Section 2-3219, Burns' 1946 Replacement.

"Since the enactment of this statute this court has held that appeals from interlocutory orders can only be taken by filing the transcript and assignment of errors within thirty [30] days from

the date of the order appealed from. *Rost* v. *International Electric Co.* (1925), 201 Ind. 568, 571, 146 N. E. 821."

Since the transcript and assignment of errors were not filed within the statutory time, this court does not have jurisdiction of the appeal, and it should be dismissed. *Campbell* v. *Union Trust Co.* (1949), 227 Ind. 692, 88 N. E. 2d 560, *supra;* Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §2524, p. 224, and cases therein cited.

The appeal is dismissed.

NOTE.—Reported in 115 N. E. 2d 744.