382 N.E.2d 1020 (1978)
In the matter of the Estate of Martha Ellen Garwood, Deceased.
No. 2-1075A295.
Court of Appeals of Indiana, Fourth District.
November 30, 1978.
*1021 William S. Spangler, Jon F. Schmoll, Spangler, Jennings, Spangler & Dougherty, Gary, Charles S. Siferd, Siferd, Roth, Christopher & Guy, Monticello, for appellants.
Phillip J. Badell, Badell & Malson, Rushville, L. David Dellinger, Dellinger, Dellinger & McLaughlin, Monticello, George R. Wildman, Miller, Tolbert, Hirschauer & Wildman, Logansport, for appellees.
YOUNG, Judge.
This appeal challenges certain proceedings during the administration of the estate of Martha Ellen Garwood. The appellants have failed to comply with Appellate Rule 3 of the Indiana Rules of Procedure. We therefore dismiss the appeal, sua sponte.
The record discloses that Garwood died in 1970. Among the assets of her estate was a farm which is the subject of the present dispute. Pursuant to an informal understanding among the beneficiaries Paul J. Garwood, decedent's son and initially a co-executor, entered into a contract to purchase the farm. This agreement was vigorously attacked by other descendants and by the subsequently appointed special administrator.
The special administrator refused to carry out the sale. He petitioned the court to resolve the controversy and to determine the disposition of the down payment made by Paul J. Garwood.
In response to the petition of the special administrator the circuit court held a hearing on the dispute. Thereafter the court ordered the special administrator to carry out the transaction. This order was embodied in a "judgment"[1] which read in pertinent part as follows:
"The Special Administrator with the Will annexed is, as a part of this judgment, instructed and ordered to execute, transfer and deliver to the purchaser an administrator's deed concurrently with the delivery of the balance of purchase price within a reasonable time, subject to title and loan requirements or within ____ days, whichever occurs first."
This entry by the circuit court is an order directed to the special administrator instructing him to carry out the transaction. The record does not disclose that the actual sale has been consummated. There is no indication that the balance of the purchase price has been paid by Paul J. Garwood. No deed has been given to him by the special administrator. There is nothing in the record to show that the transaction has indeed been carried out.[2]
We have recounted these circumstances to demonstrate that the appellants challenge the court's order to sell real estate. Orders for the sale of real property in the course of probate administration are clearly interlocutory. Ind. Rules of Procedure, Appellate Rule 4(B)(2); Kiradlo v. Pisula, (1953) 232 Ind. 659, 115 N.E.2d 744; Campbell v. Union Trust Co. of Indpls., (1949) 227 Ind. 692, 88 N.E.2d 560; see also Simpson v. Pearson, (1869) 31 Ind. 1; Lehr v. First Nat. Bank of Mishawaka, (1962) 243 Ind. 353, 185 N.E.2d 521. This rule has been amply discussed by various commentators. See 4 Bobbitt's Revision of Works' Indiana Practice 368 (1974); 1 Bobbitt, Indiana Appellate Practice & Procedure 382 (1972); 1 Henry's Probate Law & Practice 927 (1954); Flanagan, Wiltrout & Hamilton, Indiana Trial & Appellate Practice Sec. 2159, at 38 (1952). The substance of Appellate Rule 4(B)(2) was formerly found in Burns Ind. Stat. Ann. 2-3218 (1963 Repl.) (now repealed). We note that the passage of the Probate Code in 1953 did not alter this rule. "The Probate Code Commission has commented that the code left unchanged the method of appeals and that any decision of the court may be appealed if it is a final decision or one from which an appeal would lie before the code." 1 Henry's Probate Law & Practice 309 (Supp. 1977) (emphasis *1022 added). We further note that the adoption of the present Indiana Rules of Procedure does not change the meaning of an appealable interlocutory order. "Consequently, the former judicial construction of what constitutes an appealable interlocutory order under Sec. 2-3218 will remain valid." Civil Code Study Comm'n, Indiana Rules of Civil Procedure, Proposed Final Draft 281 (1968). This comment was made with respect to proposed Rule 72(b)(2). The substance of Rule 72(b)(2) now appears as Appellate Rule 4(B)(2) which was added by amendment in 1971.
Appellate Rule 3(B) requires that the appellants file the record with the clerk of the Court of Appeals within thirty days of the ruling on the interlocutory order. This was not done. Instead, the appellants filed a motion to correct errors and eventually filed the record well beyond the thirty-day limit. The Supreme Court has squarely held that this omission is fatal. Kiradlo v. Pisula, supra; Campbell v. Union Trust Co. of Indpls., supra (appeals from orders to sell real property will be dismissed where record not timely filed).
We abide by this precedent and dismiss the appeal.[3]
Appeal dismissed.
ROBERTSON, J. (sitting by designation), concurs.
LYBROOK, P.J. (sitting by designation), concurs in result with opinion.
LYBROOK, Presiding Judge, concurring in result.
Although I agree with the final disposition of this case pursuant to the majority opinion, I feel compelled to state my separate reasons for doing so.
The essence of the majority opinion is that the "judgment" of the trial court must be classified as an interlocutory order, and that the time for the appeal of this order has expired; hence, our court need not consider the merits of this appeal.
While I agree with the majority that this judgment of the trial court is not final, and that the time for its appeal as an interlocutory order has run, I disagree with the majority's apparent belief that our rules of civil procedure require the automatic and absolute classification of such an appeal as interlocutory. I believe an alternative, created by the drafters of our rules for similar situations, should have been explored before the dismissal of this appeal. Ind. Rules of Procedure, Trial Rule 54(B) states:
"(B) Judgment upon multiple claims or involving multiple parties. When more than one [1] claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to *1023 less than all the claims and parties is not final."
Clearly the trial court has decided fewer than "all the claims or the rights and liabilities of fewer than all of the parties" in the present case. Obviously then under T.R. 54(B) the judgment could have been accompanied at the trial level by a written determination that there was no just reason for delay; such a determination, upon the express direction for entry of judgment by the trial court, would have made the order immediately appealable as a final judgment. I believe we then would have been required to proceed to the merits of the case.
However, the trial court did not make the determination of "no just reason for delay" pursuant to T.R. 54(B), and the issue then arises whether this court must dismiss the case because it does not fit into the categories of 1) a final judgment; 2) a judgment "finalized" sufficiently under T.R. 54(B); or 3) an interlocutory order. Although the case is clearly dismissible because it cannot be so classified, the more important issue is whether this court should remand the case to the trial court for a determination of the finality issue in accordance with T.R. 54(B), thereby perhaps allowing a determination on the merits.
It recently has been the practice of this court, in its discretion, to remand to the trial court those cases not complying with T.R. 54(B) in order that that court might bring these judgments under the rule if it sees fit, thus perhaps allowing the Court of Appeals to decide the merits of the case. As a matter of practice these orders for remand have not been published, since no new questions of law were decided in the orders.
A close reading of Indiana case law which has evolved under T.R. 54(B) establishes that the rule's application by an appellate court to reach the merits of a particular case is discretionary. See Platte v. Dortch, (1970) 255 Ind. 157, 263 N.E.2d 266; First Equity Security Life Insurance Co. v. Keith, (1975) Ind. App., 329 N.E.2d 45; and Wolff v. Slusher, (1974) 161 Ind. App. 182, 314 N.E.2d 758. See also Estate of Newman, (1977) Ind. App., 369 N.E.2d 427, where this court held that a party in an estate proceeding has available the provisions of T.R. 54(B) should that party seek to appeal a trial court's order granting attorney fees in the course of the proceedings.
While I urge the majority to recognize this discretion which I believe T.R. 54(B) gives us, I do agree with the result in the case at bar. Our discretion to remand to the trial court under T.R. 54(B) should not be exercised here because the nature of the case makes it one that we could best review on the merits if the entire case were before us. I therefore agree with the majority's decision not to review the appeal at this time.
I also must take exception to the majority's reliance on Kiradlo v. Pisula, (1953) 232 Ind. 659, 115 N.E.2d 744; Campbell v. Union Trust Co. of Indpls., (1949) 227 Ind. 692, 88 N.E.2d 560; Simpson v. Pearson, (1869) 31 Ind. 1; Lehr v. First Nat. Bank of Mishawaka, (1962) 243 Ind. 353, 185 N.E.2d 521. All these cases, while seeming to support the majority's decision, were prior to the promulgation of our new rules of civil procedure.[1] Although it may well be true, as the majority states, that the new rules do not change the definition of which orders are "interlocutory", I believe that the rules were intended to simplify the procedures so that no party could have his case dismissed on an overly technical interpretation of a certain rule. This new approach is particularly applicable in regard to T.R. 54(B). In analyzing that rule in light of experience with its federal counterpart, Dean Harvey has written:
"The problem encountered was that a party did not know, without an expensive appeal, whether the judgment was ripe for appeal. The penalty for misjudging the finality of a judgment relating to less than all the claims or parties was either the loss of the right to appeal or the taking of an expensive appeal only to have it dismissed by the appellate tribunal as premature. The problem was solved by a 1948 amendment to Federal Rule 54(b), which is incorporated in the *1024 Indiana Rule." 3 W. Harvey, Indiana Practice § 54.2, at 495 (1970).
In accordance with Dean Harvey's comments, I believe that the spirit of T.R. 54(B) seeks to prevent the dismissal of a party's case because he erred in the difficult game of judging when a decision was ripe for review. Our new rules provide sufficient answers to these problems, and I am reluctant to force counsel in this State to search the case law of the last one hundred years prior to the adoption of the rules to determine their meaning. I believe the majority would require this of the practicing bar by its apparent reinstatement of the status quo ante the new rules. T.R. 54(B) sufficiently disposes of the problem without harking back to the prior case law.
In summary then, I concur in the disposition of this case because I believe that we could better decide the issues it presents once the entire case has been disposed of at trial; I assume, though the majority opinion does not so state, that once all the issues are decided at the trial court level, this court can then proceed to decide the issues here raised by the appellant. However, I disagree with the majority's absolute classification of this appeal as an interlocutory order, and I disagree with the reliance placed on questionable cases which have dubious relevance since the adoption of our most recent rules of civil procedure.
NOTES
[1] Although the parties and the circuit court have denominated this ruling as a "judgment," we are not bound by their denomination.
[2] Had these steps been carried out and confirmed by the circuit court, the appellants may have had a final appealable order. See Walker v. Peoples Bank & Trust Co., (1959) 130 Ind. App. 138, 162 N.E.2d 320.
[3] Judge Lybrook, concurring in the result, argues for the application of T.R. 54(B). This rule applies only to multiple claims or multiple parties. The case at hand concerns neither multiple claims nor multiple parties. Consequently the rule has no application. Liberty Mut. Ins. Co. v. Wetzel, (1976) 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 635 (remanded with instructions to dismiss appeal).
[1] The effective date of the new rules was January 1, 1970. T.R. 84.