## ILLINOIS CENTRAL RAILROAD COMPANY *v.* HOWARD.

[No. 24,243. Filed April 1, 1925. Rehearing denied June 23, 1925.]

1. EMINENT DOMAIN.—*Price recently paid for other lands similarly situated in same neighborhood competent on question of value of land to be taken.*—In eminent domain proceedings, evidence of the price paid recently for other lands similarly situated in the immediate neighborhood is competent on the question of the value of the land sought to be appropriated. p. 326.

2. EMINENT DOMAIN.—*Profits from business conducted on land not competent as to value of property to be appropriated.*—In eminent domain proceedings, evidence of the profits derived from a business conducted by the owner on the land sought to be appropriated is not competent and cannot be considered in ascertaining its value. p. 326.

3. EMINENT DOMAIN.—*Erroneous admission of evidence as to profits from business conducted by defendant on his land not cured by instruction that it was to be considered only in determining its value.*—In an eminent domain proceeding, the erroneous admission of evidence of the profits derived from a business conducted by the owner on the land sought to be appropriated was not cured by giving an instruction that such evidence was to be considered only in determining the value of defendant's property. p. 326.

4. EVIDENCE.—*Testimony that a lot was purchased for a certain price implies voluntary action.*—Testimony that witness purchased a lot for a certain price implies voluntary action, in the absence of anything shown to the contrary. p. 328.

5. APPEAL.—*Objection to admission of evidence not suggested to trial court will not be considered on appeal.*—An objection to the admission of evidence which was not suggested to the trial court will not be considered on appeal to reverse the judgment. p. 328.

6. APPEAL.—*Appellee not allowed to urge, on petition for rehearing, objection to evidence not suggested on original hearing.*—An appellee will not be heard to urge, on his petition for rehearing, an objection to the admission of evidence which was not called to the attention of the court on the original hearing. p. 328.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Eminent domain proceeding by the Illinois Central Railroad against Michael E. Howard. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Ed. K. Adams, Hays & Hays, J. Olias Vanier, W. S. Horton* and *R. V. Fletcher*, for appellant.

*Thomas D. McGee, Eph Inman, Bachelder & Bachelder* and *Wray & Sullivan*, for appellee.

EWBANK, J.—Appellee owned a lot in the city of Indianapolis, adjoining the present location of the elevated railroad tracks on the south, two squares west of the Union Station, the northwest corner of his lot extending almost to the structure on which appellant's tracks have been elevated. This lot was thirty-eight feet six inches wide along the west side of Senate avenue, running back the same width 110 feet to a ten foot alley in the rear, which was open up to appellee's property from the south, but was closed from thence northward. A one story frame building eighty feet nine inches long and thirty-six feet six inches wide covered the east end of the lot, except a narrow strip along the north side. There was a vacant space in the rear, twenty-nine feet three inches long across the entire width of the lot. The building had been used as a machine shop by appellee for more than thirty years, and in it, he had the necessary machinery suitable for that purpose. The vacant space behind the building was sometimes used as a place to drive in with a dray and turn around when delivering heavy machinery at the shop for the purpose of having it repaired. Appellant had located its elevated tracks on some adjoining property in a curved line past and near the northwest corner of appellee's lot, and had appropriated as part of its right of way on which to build an embankment, if that should become desirable, a triangular piece off the northwest corner of the vacant space behind appellee's building, twenty feet wide along the alley at the west end and running twenty-nine feet east along the north boundary of the lot, tapering to a point near the northwest corner of appellee's building. The tract appropriated contained

290 square feet, which was a little more than one-fourth of the vacant space, or "yard," behind the building, and a little more than one-fourteenth of the entire lot.

The only pleading shown by the transcript consisted of a complaint describing appellee's lot and specifying the part of it sought to be appropriated, which it alleged was needed by appellant as part of the right of way on which to construct elevated tracks, and exceptions by each of the parties denying that the award of damages by the appraisers had been for the correct amount. (a) Upon the trial of the case, appellant offered to introduce evidence that only seven months before the appropriation of appellee's land, a witness had purchased for $3,750 a lot shown to be thirty-one feet wide, extending through from the street to the alley, that was in the same block, only thirty-eight and one-half feet south of appellee's property, but an objection by appellee that "you have no right to go into what has been paid for other property" was sustained and the evidence was excluded. (b) When testifying as a witness, appellee was asked by his counsel what were the profits from his business in 1916, the year the tract in question was appropriated, and, over an objection and exception by appellant, he testified that they were $6,000, and being asked what the net profits averaged prior to 1916, he was permitted, over a like objection and exception, to answer that his net profits had averaged $6,000 a year for the past eleven years. The jury returned a verdict in favor of appellee for $9,000 damages, and judgment was rendered in his favor against appellant for that amount.

Each of the rulings admitting and excluding evidence, as above set out, was specified as a reason for asking a new trial, and overruling the motion for a new trial is assigned as error.

The great weight of authority holds that evidence of

the price paid, by way of a voluntary sale and purchase near the time the lands were appropriated, for other lands similarly situated in the immediate neighborhood, is competent on the question of the value of the lands taken. *Pierce* v. *Boston* (1895), 164 Mass. 92, 41 N. E. 229; *Loloff* v. *Sterling* (1903), 31 Colo. 102, 106, 71 Pac. 1113; *Smith* v. *Sanitary District* (1913), 260 Ill. 453, 103 N. E. 254; *Music* v. *Big Sandy, etc., R. Co.* (1915), 163 Ky. 628, 174 S. W. 44, Ann. Cas. 1916E 689; *St. Louis, etc., R. Co.* v. *Clark* (1894), 121 Mo. 169, 25 S. W. 192, 906, 26 L. R. A. 751; 2 Lewis, Eminent Domain (3d ed.) §662; 1 Wigmore, Evidence (2d ed.) §463; Jones, Evidence (2d ed.) §168; 4 Sutherland, Damages (4th ed.) §1089, p. 4134. See Authorities collected in 22 C. J. 760.

This rule was impliedly adopted by the Supreme Court of Indiana, a dozen years ago, holding that evidence of forced sales by way of the compromise of condemnation suits, was not admissible because "they are affected by an element that does not enter into sales made in the ordinary course of business," and citing many authorities which stated that principle as an exception to the general rule above recited as to when proof of voluntary sales is admissible. *Cleveland, etc., R. Co.* v. *Smith* (1912), 177 Ind. 524, 551, 552, 97 N. E. 164. We think the better reason, as well as the weight of authority, is in favor of this general rule, subject to certain exceptions that have no application to the facts of the case at bar. The trial court erred in sustaining the objection, as set out above, to the offered evidence of the price paid at such a sale.

Appellant's second contention is that the court erred in admitting evidence that appellee's business had been earning profits of $6,000 per year. The authorities are almost, if not quite, unanimous in holding that evidence of the profits derived from a

business conducted on property taken by condemnation proceedings is not competent as proof of the market value of such property and cannot be considered as a basis for computing or ascertaining such value. The extent to which the income arises out of the property itself is uncertain, the capital invested, the business capacity and skill of the owner, the adaptability of the property to the business, the business conditions obtaining, and other matters having little or no relation to what the property would sell for on the market all affecting the amount of profits that may be realized. *Gauley & Eastern R. Co.* v. *Conley* (1919), 84 W. Va. 489, 100 S. E. 290, 7 A. L. R. 157; *San Diego Land, etc., Co.* v. *Neale* (1891), 88 Cal. 50, 25 Pac. 977, 11 L. R. A. 604; *Illinois Central R. Co.* v. *Village of Lostant* (1897), 167 Ill. 85, 47 N. E. 62; *Brackett* v. *Commonwealth* (1915), 223 Mass. 119, 111 N. E. 1036, Ann. Cas. 1918B 863; *Brainerd* v. *State* (1911), 131 N. Y. Supp. 221, 74 Misc. Rep. 100; *Cox* v. *Philadelphia, etc., R. Co.* (1906), 215 Pa. 506, 64 Atl. 729, 114 Am. St. 979; note 7 A. L. R. 164; note Ann. Cas. 1918B 869.

And in a proceeding to condemn, the possible future right to build an embankment encroaching on a small corner of a vacant space behind a one-story frame building which had housed a machine shop for thirty years, the success of the business and the profits it had earned would not necessarily bear any relation to the price for which the lot and the old frame building would sell in the market, or to the market value of the little corner that was cut off the lot, or to the damage thereby done to the property not taken. It was error to admit for the purpose stated the evidence as to the annual profits from the business. The court gave an instruction stating that the net earnings or profits of the business, concerning which testimony had been introduced, must not be regarded as a measure of defendant's (appel-

lee's) damages, but that "such evidence was admitted by the court for the sole purpose of aiding you [the jury] in determining the value of the defendant's property, and must be considered by you for such purpose only." Appellee seems to rely on this instruction as nullifying the effect of the error committed by admitting the evidence under consideration. But the instruction accentuated and emphasized, instead of curing such error, expressly telling the jury that the evidence as to profits received from the business should be considered for a purpose for which it was not competent.

Other questions are discussed by counsel in their briefs, but probably they will not arise on a retrial of the case. For the errors pointed out, the judgment must be reversed.

The judgment is reversed, with directions to grant a new trial.

### ON PETITION FOR REHEARING.

EWBANK, J.—After he had testified that in 1906, he and his brother purchased the lot adjoining plaintiff's (appellee's) lot on the south, and that in 1915, a few months before this land was appropriated, they purchased the lot next south of that, the witness Guedelhofer was asked to tell what they paid for the latter. The objections offered, which were sustained by the trial court, were that "you have no right to go into what was paid for other property," and that the witness was not familiar with the value of plaintiff's property. On rehearing, appellee urges the further objection that this was not shown to have been a "voluntary sale." Testimony that a man purchased a lot for a price named implies voluntary action, in the absence of anything shown to the contrary. But, in any event, a party will not be heard to urge, on rehearing, an ob-

jection to the admission of evidence which was not suggested in the trial court, and which depends on a consideration of other parts of the record not called to the attention of this court on the original hearing. *Fame Laundry Co.* v. *Henry* (1924), 195 Ind. 453, 144 N. E. 545, 548; *Board, etc.,* v. *Center Township* (1885), 105 Ind. 422, 443, 7 N. E. 189.

The petition for a rehearing is overruled.