TAYLOR, ADMINISTRATRIX, ETC. *v.* HOPKINS

[No. 19,322. Filed December 9, 1959.]

*Curtis C. Plopper,* of Boonville, for appellant.

*Norton & Schwentker,* of Evansville, for appellee.

MYERS, C. J.—This is an action for damages brought by appellant as Administratrix of her husband's estate, for his alleged wrongful death caused by the negligent acts of the appellee. A jury trial resulted in a verdict for appellee, and judgment was so entered. Appellant's motion for a new trial was overruled and she has filed her appeal in this court. Appellee has moved to dismiss the appeal, or, in the alternative, to affirm the judgment, on the ground that appellant has failed to comply with Rules 2-2 and 2-6 of the Supreme Court.

Rule 2-2 requires an appellant to file his transcript of the record and assignment of errors in the office of the Clerk of the Supreme and Appellate Courts within ninety days from the date of judgment or the ruling on the motion for a new trial. Appellee claims that the assignment of errors was not filed in time, as only a purported assignment of errors was filed, which he contends is a "nullity" under Supreme Court Rule 2-6.

Supreme Court Rule 2-6 specifically refers to the assignment of errors in an appeal, the form and substance thereof, and the manner of filing the same.

Upon looking at the record in this case, we find that judgment was entered by the trial court on January 27,

1959, and that appellant's motion for a new trial was overruled on February 10, 1959. The transcript and an assignment of errors were filed in the Clerk's office on April 27, 1959. The assignment of errors contains the names of all parties in the title thereof, properly designated as appellant and appellee. Two specifications of error are set forth, each properly numbered. The name of appellant's attorney is typed below the assignment of errors, instead of being signed in person. It appears that the same attorney represented appellant in the trial of the case below. This is a sufficient signature. *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109 N. E. 411. The assignment of errors is attached to the front of the transcript immediately following the index. This is in compliance with the provisions of Rule 2-6. Since it was filed within ninety days of the overruling of the motion for a new trial, appellant has complied with Rule 2-2.

Appellee points out that the file-mark stamp on the transcript and assignment of errors by the Clerk shows the date of April 27, *1958*. This was an obvious clerical error, as the Clerk's entry docket and the entry sheet on the front of the transcript show that it was actually filed on April 27, 1959. Appellee states that he does not claim this to be error, nor does he predicate his motion on that point.

We find the assignment of errors to be valid and that it was filed within the proper time.

Appellee's motion to dismiss is overruled.

NOTE.—Reported in 162 N. E. 2d 687.