LEHR *v.* FIRST NATIONAL BANK OF MISHAWAKA, ADMINISTRATOR, ETC. ET AL.

[No. 30,121. Filed October 22, 1962.]

*Robert L. Miller, Diamond & Miller,* of South Bend, *Howard G. Heckner,* and *Vernon, Hartzog, Barker & Hepler,* of Goshen, for appellant.

*William T. Means,* of Mishawaka, and *David Peters,* of Fort Wayne, for appellees.

JACKSON, J.—This is an appeal from an interlocutory decree dated June 20, 1961, granting the petition of the appellee administrator with the will annexed, for the sale of certain real estate and household furnishings of decedent. The transcript and assignment of errors were filed on July 19, 1961.[1]

Appellant sought to prevent the sale of the property by filing a bond as an interested person pursuant to Acts 1953, ch. 112, §1504, p. 295, being §7-904, Burns' 1953 Replacement, she having previously filed a claim against the estate for services rendered the decedent over a period of 19 years and obtained a judgment thereon. Appellant predicated her right to the relief sought on the theory that by reason of the rendition of the judgment in her favor she was an interested party within the meaning of

---

1. "An order for the sale of real estate to make assets for the payment of liabilities is an interlocutory order and may be appealed from, under Burns' Stat., §§2-3218, 2-3219, within thirty days from the date thereof, provided the transcript and assignment of errors are filed within that time." Henry's Probate Law and Practice, Vol. 1, 6th Ed., p. 927. See also: *Kiradlo etc.* v. *Pisula, Admr., etc.* (1953), 232 Ind. 659, 115 N. E. 2d 744; *Campbell et al.* v. *Union Trust Co. et al.* (1949), 227 Ind. 692, 88 N. E. 2d 560.

the statute. Acts 1953, ch. 112, §1504, p. 295, being §7-904, Burns' 1953 Replacement, reads as follows:

"An order authorizing a personal representative to sell, mortgage or lease real or personal property for the payment of obligations of the estate shall not be granted if any of the persons interested in the estate shall execute and file in the court a bond in such sum and with such sureties as the court may approve, conditioned to pay all obligations of the estate to the extent that the other property of the estate is insufficient therefor, within such time as the court shall direct. An action may be maintained on such bond by the personal representative on behalf of any person interested in the estate who is prejudiced by breach of any obligation of the bond."

Appellant asserts the issues were formed by claimant, appellant's second amended answer to appellee's petition to sell real estate and household furnishings wherein she set forth her judgment against the estate for $23,000 and her bond of $1,000 to prevent such sale. Appellee disagrees with appellant's statement as to the issues raised, in that appellant's so-called judgment is not a final judgment, because of appellees' timely filing of a motion for a new trial. It is appellees' position that the issue appellant attempted to raise is whether or not a claimant who is not an heir or devisee in an estate, who has a judgment which is not final, and which purported judgment attempts only to make such claimant a general creditor of the estate, is such a person who can be classified as an interested party under the statute. Acts 1953, ch. 112, §1504, p. 295, being §7-904, Burns' 1953 Replacement, *supra*. The trial court found that the appellant was not an interested person within the meaning of the statute, and was not entitled to the benefit of the statute preventing such sale.

Appellee, Winona Lake School of Theology, sole beneficiary under decedent's will, has filed a motion to dismiss appellant's appeal, or in the alternative, to affirm the judgment of the court below. Such motion contains five specifications alleging therein that appellant had not made a good faith effort to comply with the rules of this court nor had there been a substantial compliance therewith in the enumerated particulars. In view of the state of the record before us and the decision we must reach in this cause, we have recourse to the long established rule of this Court to the effect that,

"The courts will decide the case upon the merits whenever possible and have become increasingly reluctant to decide cases upon 'technicalities.'" F. W. & H. Ind. Tr. & App. Pract., §2548, Comment 1, p. 232.

Appellant's motion to dismiss is denied.

Returning to consideration of the main issue before us, we find that under the Probate Code, Acts 1953, ch. 112, §1301, p. 295, being §7-701, Burns' 1953 Replacement, the "personal representative shall have the right to, and shall take, possession of all the real and personal property of the decedent except the homestead of the surviving spouse and minor children. . . ." The purpose of this section of the statute, as explained in the commission comments, is as follows: "This section gives the court jurisdiction over the real estate so that Sec. 1503 [Burns' 1953 Replacement, §7-903] can operate."

The very foundation of appellant's action is the basis for the sale of real estate under section (a) of the above statute.

Appellant proceeds on the theory that the rendition of the judgment in her favor in the sum of

$23,000 made her an interested party within the purview of the statute. Acts 1953, ch. 112, §103, p. 295, being §6-103, Burns' 1953 Replacement, which in pertinent part reads as follows:

" 'Interested persons' means heirs, devisees, spouses, creditors or any others having a property right in or claim against the estate of a decedent being administered. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved."

That argument, we think, is untenable for several reasons, namely:

A. Appellant herself by her pleadings admits that the law does not specifically require the construction she endeavors to place upon it, and in the argument section of her brief says "that her judgment should be classified as creating an interest."

B. Appellant alleges that the granting of the petition to sell was erroneous for the reason that such petition was granted without hearing evidence thereon. The record in this case discloses that not only was evidence heard on the petition, but that appellant was then and there present in person and by counsel.

C. The judgment rendered in favor of appellant on her claim, in pertinent part, reads as follows:

"The Court having had this cause under advisement now finds for the claimant in the sum of twenty-three thousand ($24,000.00) [$23,000] Dollars and that the same be paid as a general claim from the estate of the decedent.

"It is therefore ordered by the Court that the claimant receive as a general claim from the estate of Barzilla M. Hutchinson, the sum of twenty-three thousand ($23,000.00) Dollars."

Under the circumstances here delineated it is our opinion that appellant is simply a general creditor

of the estate and as such is entitled to a fixed sum, to-wit: Twenty-three thousand ($23,000) Dollars from the estate of the decedent, subject to the ability of the estate to pay the same, or in the event such sum is not available in full, then to her proportionate share of the estate, in relation to the value of the estate available for distribution to the general creditors.

This alone does not in our opinion make her an interested party within the meaning of Acts 1953, ch. 112, §103, p. 295, being §6-103, Burns' 1953 Replacement, so as to entitle her to prevent the sale of real estate.

The judgment of the trial court is hereby affirmed.

Bobbitt and Landis, JJ., concur.

Arterburn, C. J., dissents with opinion.

Achor, J., concurs in dissent written by Arterburn, C. J.

### DISSENTING OPINION.

ARTERBURN, C. J.—Barzilla M. Hutchinson died on the 7th day of January, 1960, age 73. He left a brief will which stated that he had no living father, mother, brothers, sisters or children, and that he left all of his property, after the payment of his debts, to the Winona Lake School of Theology, Incorporated. The estate of the decedent amounted to approximately $43,500.00, of which approximately $8,500.00 was real estate. The appellant in this case filed a claim for services rendered in the amount of $36,000.00 and a judgment was rendered in her favor after trial in the amount of $23,000.00.

The administrator with the will annexed filed a petition to sell the real estate involved. The judg-

ment claimant filed objections to such sale and a bond to prevent the sale of such real estate as an interested party. Over the objections the trial court granted the petition to sell real estate, from which interlocutory decree this appeal is now taken by the appellant, the judgment creditor. The Probate Code (Burns' §7-904) provides:

> "An order authorizing a personal representative to sell, mortgage or lease real or personal property for the payment of obligations of the estate shall not be granted if any of the persons interested in the estate shall execute and file in the court a bond in such sum and with such sureties as the court may approve, conditioned to pay all obligations of the estate to the extent that the other property of the estate is insufficient therefor, within such time as the court shall direct."

We may assume that the provisions of this section (the Probate Code) are to prevent unnecessary commissions and expenses in the sale of property when a person "interested in the estate" is willing to put up a bond to prevent such sale and save such expenses, the bond being conditioned to pay any damages resulting. The interested party, whether an heir or a creditor, may be entitled to all or practically all the estate or may desire to use the creditor claim in the purchase of such estate.

Whatever the reason may be, one who has an interest in an estate certainly should be entitled to avoid unnecessary expenses wherever possible. With a claim of fixed amount due one in an estate, it might even be used in bidding for the property at a sale.

The point is made, however, by the appellee that a motion for a new trial has been filed on the judgment claim of the appellant and therefore the judgment is not final. Appellant says this may be all the

greater reason why the sale should be delayed until the judgment is finally determined one way or the other, and if determined favorably to the appellant, she would have a large item of credit which could be used in bidding at any sale for the property, when otherwise she may not be a bidder at all.

Regardless of what the policy of the law may be, we think the statute definitely fixes the appellant's rights. The Probate Code (Burns' §6-103) defines an interested person as follows:

> "'Interested persons' means heirs, devisees, spouses, creditors or any others having a property right in or claim against the estate of a decedent being administered. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved."

The statute is so plain that it is amazing that there could be any argument about its meaning. We can find no logical reason why the claimant in this case should be deprived of the right given by this statute. To say, as the majority opinion does, that because the appellant is "general creditor" she does not come within the term "creditor" or one having a "claim" under the statute, is a non-sequitur, to put it mildly. The majority opinion is a plain refusal to follow a plain statute.

I think the judgment of the trial court should be reversed, with directions to deny the petition for sale of the property involved.

Achor, J., concurs.

NOTE.—Reported in 185 N. E. 2d 521.