STEPHENSON *v.* STATE OF INDIANA.

[No. 30,317. Filed October 31, 1963.]

*Stevens & Wampler,* of Plymouth, for appellant.

*Edwin K. Steers,* Attorney General and *Howard R. Johnson,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant has taken this appeal from the judgment of the Marshall Circuit Court rendered on a jury's verdict awarding him the sum of $1,400.00 in a condemnation action brought by appellee, the State of Indiana.

Appellee's complaint alleged appellant was the owner of a forty acre tract of land in Marshall County, Indiana, and that 3.506 acres of such tract was sought to be taken for the improvement of U. S. Highway 31 in a by-pass around Plymouth, Indiana. The report of the appraisers fixed damages in the sum of $4,224.00. Upon exceptions being taken by the State of Indiana the cause was submitted to a jury for trial resulting in the aforesaid jury's verdict for $1,400.00. Appellant assigns as error the overruling of his motion for new trial.

Appellant contends on this appeal that the court erred in giving to the jury appellee's tendered instruction number 10 which was as follows:

"Ladies and gentlemen you are further instructed that in a condemnation case where the tract of land in issue is a landlocked tract of land the only damages that can legally be awarded is the fair market value of the land actually taken. So in this case the damages to which the defendant is entitled is the fair market value of the 3.506 acres of land actually taken by the State of Indiana at the time of the taking."

Appellant objected to the giving of such instruction for the reason:

" . . . that it is in direct violation of all principles of law enunciated by the courts in the determination and assessment of damages in condemnation cases. The rule of law is that you shall take the value of the land before and the value of the land after the taking in determining the question of damages. . . . the court in this case is saying that the only damages to which the defendant is entitled is the fair market value of 3.506 acres of land actually taken by the State of Indiana at the time of the taking. This is in direct conflict with the evidence and the law applicable to this kind of case."

In determining the amount of damages recoverable in the condemnation of a portion of a tract of land under Burns' §3-1706 (1946 Repl.),[1] it is not proper to limit the recovery to the fair market value of the land appropriated but the damage naturally accruing to the residue of the land should also be considered. As stated in West's I. L. E., Eminent Domain, Vol. 11, §53, p. 611:

> "Ordinarily the measure of damages is the injury done to the market value of the entire tract by the taking of only a part, or in other words, the measure of damages is the difference between the market value of the entire tract before the taking and the market value of the residue after the taking."

It is our conclusion that the court erred in giving appellee's tendered instruction number 10 and in our judgment the error was not cured by the giving of another instruction tendered by appellant stating the correct rule. We have heretofore held that the error in giving an erroneous instruction cannot be cured by the giving of a contradictory instruction correctly stating the law but the harmful effect of such an erroneous instruction can only be removed by its withdrawal. See: *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 106, 97 N. E. 320, 326; *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 551, 88 N. E. 849, 850; *Indiana, etc., Light Co.* v. *Armstrong* (1923), 79 Ind. App. 486, 489, 138 N. E. 830, 831.

In view of the result we have reached it is unnecessary to consider the remaining errors urged by appellant.

---

1. Acts 1905, ch. 48, §6, p. 59; 1935, ch. 76, §3, p. 228.

Judgment reversed with instructions to sustain the motion for new trial.

Myers, C. J., and Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 369.