STATE OF INDIANA *v.* FURRY.

[No. 1067S100. Filed September 11, 1969. No petition for rehearing filed.]

*John J. Dillon,* Attorney General, *Michael V. Gooch,* Deputy Attorney General, for appellant.

*Richard T. Lineback, Ralph Hamill, John P. Price, Hamill & Price,* Indianapolis, for appellees.

DeBruler, C. J.—A trial by jury of this condemnation case resulted in a verdict for the appellee-landowners in the sum of $50,000.00. In this case the appellant-State took 37.8 acres from the appellees' 224 acre farm located near Greenfield, Hancock County, Indiana, for the construction of part of the I-70 highway project.

The State here challenges a procedure permitted by the trial court wherein the appellees, prior to trial, withdrew any claim for damages to the residue of their land and such other damages as might result to them from the construction of the project as proposed, thus preventing the State from introducing evidence of benefits resulting to the appellees' remaining land on the farm. The State also challenges a ruling of the trial court whereby an appraiser-witness of the appellees was permitted to testify to three sales of tracts of land in the immediate vicinity of the subject land deemed by him to be comparable and upon which he had based his opinion of value, which sales occurred after the determination date of appellees' damages, namely, January 15, 1965, the date of service of the summonses herein, and which sales involved tracts of land of a different size than the subject tract.

On the first point the State claims that the withdrawal of the issues of damage to the residue and "such other damages" was accomplished by the filing of amended exceptions after the time for filing exceptions had expired. Appellant filed a motion to strike the amended exceptions and the trial court overruled that motion. We deem the trial court's ruling permitting the amendment well within the permissible limits of his discretion in civil actions in the matter of pre-trial amendment of pleadings. *Darrow v. Chicago, etc. R. Co.* (1907), 169 Ind. 99, 81 N. E. 1081. No prejudice resulted to the State as it contends since if the State's witnesses were prepared to testify on all five elements of damages contained in Burns' § 3-1706, *infra,* they would be equally prepared to testify on the remaining two issues existing after the amendment. In addition, the trial court should have discretion in the matter of the amendment of exceptions in these cases since the ten day time limitation on their filing is a severe limitation on the opportunity of the parties to prepare them.

The State further argues that a landowner should not be permitted to withdraw the residue and "other damages" issues because it violates the statutory scheme of the Eminent Domain Act, citing *Stephenson v. State* (1963), 244 Ind. 452, 193 N. E. 2d 369. Burns' § 3-1706 sets forth the measure of damages upon trial:

"First. The fair market value of each parcel of property sought to be appropriated, and the value of each separate estate or interest therein;

"Second. The fair market value of all improvements pertaining to the realty, if any, on the portion of the real estate to be condemned;

"Third. The damages, if any, to the residue of the land of such owner or owners to be caused by taking out the part sought to be appropriated;

"Fourth. Such other damages, if any, as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff;

"Fifth. In case the land is sought to be taken by the state or by a county, for a public highway or by a municipal corporation for a public use that confers benefits on any lands of the owner, the report shall also state the benefits which will accrue to each parcel of property, set opposite each description of the same, whether described in the complaint or not. In estimating the damages specified in the foregoing first, second, third and fourth clauses, no deduction shall be made for any benefits that may result from such improvement, excepting in *case of a condemnation by the state or by a county, for a public highway or by a municipal corporation for public use, the benefits, if any assessed, shall be deducted from the amount of damage allowed, if any, under the foregoing third and fourth clauses;* and the difference, if any, plus the damages allowed under the foregoing first and second clauses shall be the amount of the award, *but in no case shall the damage awarded be less than the damages allowed under the foregoing first and second clauses.*" (Emphasis added.)

The third and fourth clauses exist in the above statute for the benefit of landowners in order that they might fully explore the damaging effect of the take upon the entire tract in a partial-taking case. When no claim

is made for these classes of damages, the State has no right to introduce evidence of the value of any benefits under clause five of the above statute. We see no unfair effect upon the State by the resulting foreclosure of the State's right to offer benefit testimony to offset third and fourth clause damages. The ruling of the trial court on this issue, both on these procedural and substantive issues, was not in error.

The landowners offered testimony at the trial, by an expert appraiser, of sales of allegedly comparable tracts of land which sales occurred after January 15, 1965, the date as of which damages had to be determined. The State objected to the testimony on two grounds: first, that the tracts were not comparable, though admittedly in the immediate vicinity of the subject property, because they were much smaller than the subject property, and second, that "after-sales" are *per se* inadmissible. The trial court overruled the State's objection, which ruling the State now challenges on appeal. The law in Indiana first recognizing the technique of using sales of comparable tracts to prove fair market value is *Illinois Central Railroad Co. v. Howard* (1925), 196 Ind. 323, 147 N. E. 142. Therein the rule still prevailing today was first laid down.

". . . evidence of the price paid by way of a voluntary sale and purchase near the time the lands were appropriated, for other lands similarly situated in the immediate neighborhood, is competent on the question of the value of the lands taken. . . .

"This rule was impliedly adopted by the Supreme Court of Indiana, a dozen years ago, holding that evidence of forced sales by way of the compromise of condemnation suits, was not admissible because 'they are affected by an element that does not enter into sales made in the ordinary course of business,' and citing many authorities which stated that principle as an exception to the general rule above recited as to when proof of voluntary sales is admissible." 196 Ind. at 326.

The trial technique of using sales of comparable tracts is widely used throughout our State courts and usually appears in the form of direct testimony describing the terms of a sale by one closely involved in the transaction either as a party or agent. It may also appear in the form of one of the factors supporting an opinion of value formed by an expert witness.

One need only examine the multitudinous factors which make separate tracts of land similar or dissimilar to realize that the variation in the character of land is limitless. No two tracts of land are identical. The tracts about which appellees' appraiser testified over objection of the State contained 1.028 acres, 5.5 acres, 4 acres, 17.045 acres and one tract, 200 x 200 feet. We agree with the trial court that evidence of the sales of these tracts, considering only the issue of size was admissible and we believe that such evidence was useful to the jury in arriving at its decision.

The trial court committed no error in admitting testimony of sales of comparable tracts which occurred during a two year period following the date of service of process which was determinative of appellees' damages. The appellant contends that after-sales reflecting appreciated value due to the existence of the project for which the subject land is taken would be inadmissible. *Illinois Central R. Co. v. Howard, supra*. With this we agree. However, such has not been shown by the appellant to be the case here. There was no evidence before the trial court to show that the values of the comparable tracts had appreciated due to construction of this project. It is certainly reasonable to believe that many factors can cause appreciation of the value of land. We cannot presume that appreciation of the value of these comparable tracts of land, if it indeed existed, resulted wholly or partially from the I-70 project.

The appellee-landowners filed a motion to dismiss or affirm in this Court which was taken under advisement. This motion to dismiss or affirm judgment is based upon certain alleged defects in the transcript and assignment of errors, namely, that the transcript contains the originals of the clerk's records and papers of the trial court, that the assignment of errors in this Court is not signed by the appellant or its counsel, that the transcript does not contain the instructions tendered, given and refused in the trial court, and finally that neither the transcript nor the assignment of errors contains the cause number assigned by the clerk of this Court. In support of their first allegation of defect, the appellees cite the case of *Mitchell, Executor v. Beissenherz* (1922), 192 Ind. 587, 135 N. E. 885, for the proposition that "no original paper, document or record embodied in a transcript will be considered by this Court except the original bill of exceptions containing the evidence." It is true that the case cited supports the proposition as do earlier cases cited in the opinion such as *Curless v. State* (1908), 172 Ind. 257, 87 N. E. 129. However, this line of cases has not been considered seriously by this Court since the *Mitchell, Executor v. Beissenherz* case, *supra,* decided in 1922. The cases cited, however, also state the basis for this rule, namely, that the clerk of the trial court had a duty to keep and maintain the records of the trial court, that in placing original papers in the transcript the clerk was violating the law and that any violation of the law such as this was undesirable and should be discouraged. In addition, the Court recognized the legitimate needs of the trial court to maintain its own records. Without going any further into this interesting question we have examined the clerk's records and papers contained in the transcript and note that they are photocopies of the originals as filed in the trial court. It is obvious to us that this transcript does not contain the originals of the clerk's records and papers and that, therefore, the originals are still in the trial

court's records and the purpose of the rule against originals is fulfilled by this method of preparing a transcript.

The appellees next pray that this appeal be dismissed or affirmed on the grounds that there is no assignment of errors filed in that the document filed by appellant entitled "Assignment of Errors" was not signed by the appellant nor its counsel. The appellees cite several cases which they contend support this proposition. We, however, believe that this issue is controlled by *Taylor, Administratrix, etc. v. Hopkins* (1959), 130 Ind. App. 162, 162 N. E. 2d 687. In that case this Court held:

> "The assignment of errors contains the names of all parties in the title thereof, properly designated as appellant and appellee. Two specifications of error are set forth, each properly numbered. The name of appellant's attorney is typed below the assignment of errors, instead of being signed in person. It appears that the same attorney represented appellant in the trial of the case below. This is a sufficient signature. *Boes v. Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109 N. E. 411." 130 Ind. App. at 164.

The assignment of errors in this case contains the typewritten names of counsel for the appellant. We hold that this is a sufficient assignment of errors.

The appellees next contend in support of their motion to dismiss or affirm judgment that the transcript does not contain the instructions tendered, given and refused in the trial court and that the appellant has in substance based its appeal upon an error by the trial court in instructing the jury. Appellant's Brief is based upon two alleged errors made by the trial court, namely, the overruling of the appellant's motion to strike the appellees' second amended exceptions and the admission by the court over objection of the appellant of evidence by appellees' experts of after-sales of comparable properties. Neither of these arguments is directly related to the instructions of the court to the jury,

and neither is based on an alleged erroneous instruction. The appellees finally argue that the transcript or assignment of errors fails to contain the cause number assigned to it by the clerk of this Court. Appellees cite no authority in support of this contention nor do they allege that they have in any way been prejudiced by this omission. This contention as well as the preceding ones must fail in light of the policy of this Court announced in *Lehr v. First National Bank of Mishawaka, Administrator* (1962), 243 Ind. 353, 185 N. E. 2d 521:

> "The courts will decide the case upon the merits whenever possible and have become increasingly reluctant to decide cases upon 'technicalities'. F. W. and H. Ind. Tr. and App. Pract., § 2548, comment 1, p. 232."

The Motion to Dismiss or Affirm Judgment is denied and the judgment of the trial court is affirmed.

All judges concur.

NOTE.—Reported in 250 N. E. 2d 590.